UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| HEATHER LOPEZ,<br><br>        Plaintiff,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>        Defendant. | (Removed from the Iowa District Court in and for Linn County, Case No. CVCV089334) |

## NOTICE OF REMOVAL

Defendant, Whirlpool Corporation ("Defendant" or "Whirlpool"), hereby removes the above-captioned action, which is currently pending in the Iowa District Court in and for Linn County, to the United States District Court for the Northern District of Iowa. This removal is based upon federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of its Notice of Removal, Whirlpool states the following:

### The State Court Action

1. On December 20, 2017, Plaintiff Heather Lopez filed a lawsuit in the Iowa District Court in and for Linn County, entitled *Heather Lopez v. Whirlpool Corporation,* Case No. CVCV089334 (the "State Court Action").

2. Plaintiff served a copy of the Complaint on Corporation Service Company, Whirlpool's agent for service of process, on January 12, 2018. This service was Whirlpool's first legal notice of the Action for purposes of removal. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint served on Whirlpool is attached as **Exhibit A**. No other process, pleadings or orders have been served on Whirlpool in this matter. Moreover, there are

no other matters or motions that are pending in the State Court Action that this Court needs to resolve.

3. In her Complaint filed in the State Court Action, Plaintiff alleges that, in violation of Title VII of the Civil Rights Act of 1964 and the Iowa Civil Rights Act, she was constructively discharged from her position with Whirlpool for discriminatory and retaliatory reasons. (**Ex. A**, Compl. ¶¶ 20-35).

## Jurisdiction and Venue

4. Because the Iowa District Court in and for Linn County lies in the Northern District of Iowa, this Court is the appropriate venue for removal. 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

5. Based on the following, this Court has original jurisdiction over this State Court Action pursuant to 28 U.S.C. § 1331 and 1332(a)(1) because it is a civil action: (a) arising from a law of the United States; and (b) between citizens of different states, and the amount in controversy exceeds $75,000.[1]

## Federal Question Jurisdiction

6. Federal courts have original jurisdiction over civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

7. The Complaint alleges two causes of action (discrimination and retaliation) under Title VII of the Civil Rights Act of 1964. (**Ex. A**, Compl. ¶¶ 20-35). Because Plaintiff's claims arise from alleged violations of federal law, pursuant to 42 U.S.C. § 2000e *et seq.*, this case is removable pursuant to the Court's original jurisdiction, in that this Complaint arises under the laws of the United States of America. 28 U.S.C. §§ 1331, 1441(a).

---

[1] Whirlpool does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged Damages.

8. That Plaintiff has also alleged a State law claim under the Iowa Civil Rights Act, is no bar to removal. Indeed, whenever a separate and independent claim or cause of action within the jurisdiction conferred by 28 U.S.C. § 1331 is joined with one or more otherwise non-removable claims, "the entire case may be removed" and the district court may determine all issues raised in the case. 28 U.S.C. § 1441(c).

## **Diversity Jurisdiction**

9. Moreover, the District Courts of the United States have original jurisdiction over this action by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332. 28 U.S.C. § 1441(b).

### *Diversity of Citizenship*

10. Complete diversity of citizenship exists between the Parties.

11. Plaintiff is a citizen of Iowa. For purposes of diversity, an individual is a citizen of the state in which he or she resides. *Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118, 1122 (S.D. Iowa 2007); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Plaintiff alleges in her Complaint that she is a resident of Cedar Rapids, Linn County, Iowa. (Compl. ¶ 2).

12. Whirlpool is a corporation, formed in the state of Delaware, with its principal place of business in the state of Michigan. (Declaration of Ryan Clegg, ¶ 4, attached as **Exhibit B**.). Specifically, Defendant's World Headquarters and North American Headquarters are located at 2000 N. M-63, Benton Harbor, MI, 49022 and 600 West Main St., Benton Harbor, MI, 49022, respectively. Chief officers have offices at the headquarters in Benton Harbor, Michigan and control the operations of the company from that location. (*Id.* at ¶ 4.) *Hertz Corp. v. Friend*, 559 U.S. 77, 93-96 (2010) (a corporation's principal place of business is its "nerve center," or the

place where its officers direct, control, and coordinate the corporation's activities). As a result, there is complete diversity of citizenship between Plaintiff and Whirlpool so as to vest removal jurisdiction in this Court.

*Amount in Controversy*

13. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

14. A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *See Brandt v. Brotherhood's Relief and Comp. Fund*, No. 07-2204, 2007 U.S. Dist. LEXIS 53783, at * 7 (N.D. Ill. July 24, 2007) (internal citations omitted); *see also Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011). Defendant need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if she were to prevail, not that Plaintiff would definitely be awarded more than that amount. *See Kopp*, 280 F.3d at 885; *see also Schubert*, 649 F.3d at 822-23; *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Once Defendant has satisfied this burden, Plaintiff may defeat federal jurisdiction only if it appears to "a legal certainty" that the claim is really for less than the jurisdictional amount. *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994); *Kopp*, 280 F.3d at 885; *see also Schubert*, 649 F.3d at 822-23; *Spivey v. Vertrue, Inc.*, 528 F. 3d 982, 986 (7th Cir. 2008).

15. While Defendant denies the validity and merit of all of Plaintiff's claims and denies her requests for relief thereon, the factual allegations in Plaintiff's Complaint and the total amount of damages, penalties, attorneys' fees, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum.

16. Indeed, Plaintiff seeks the following damages for each of her claims: compensatory damages (including front pay, back pay, emotional distress); punitive damages; reasonable attorneys' fees; expert witness fees; and any other relief this Court deems "just, equitable or in the public interest." (Ex. A, Compl. at p. 6, "RELIEF").

17. Consequently, considering Plaintiff's monetary claims, the damages sought may reasonably exceed $75,000.00, such that Whirlpool may remove this action notwithstanding Plaintiff's failure to precisely state an amount of damages exceeding the requisite amount in controversy. *Kopp*, 280 F.3d at 885 ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000").

18. While Defendant denies that Plaintiff is entitled to any damages, the face of Plaintiff's Complaint confirms that the amount in controversy exceeds the jurisdictional amount of $75,000.

19. As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

**Compliance With Procedural Requirements**

20. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of service of the Complaint on Whirlpool.

21. As required by 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff's counsel. *See* **Exhibit C**.

22. As required by 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to the Clerk of the Iowa District Court in and for Linn County, including filing a copy of the Notice of Removal with same. *See* **Exhibit D**.

WHEREFORE, having fulfilled all statutory requirements, Defendant hereby removes this State Court Action from the Iowa District Court in and for Linn County to this Court and requests that the Court assume full jurisdiction over the Action.

Respectfully submitted,

WHIRLPOOL CORPORATION

*By:* /s/ *Jeannie M. DeVeney*
One of Its Attorneys

Jeannie M. DeVeney (IA Bar No. 19283)
Littler Mendelson, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
816.627.4405

Dana S. Connell (IL Bar No. 06183652) – pro hac vice pending
Lavanga V. Wijekoon (IL Bar No. 6301183) – pro hac vice pending
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
312.372.5520

Dated: February 8, 2018

## CERTIFICATE OF SERVICE

I hereby certify that, on February 8, 2018, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and served it by U.S. Mail, postage prepaid, and e-mail, before 5:00 P.M. on:

> Matt J. Reilly
> Nicholas Rowley
> Dominic Pechota
> Trial Lawyers for Justice, P.C.
> 421 Water Street, 3rd Floor
> Decorah, IA 52101

*/s/ Jeannie M. DeVeney*