# EXHIBIT A

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| HEATHER LOPEZ, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> WHIRLPOOL CORPORATION ) <br> ) <br> Defendant. ) | LAW No. _____ |

## PETITION AT LAW AND JURY DEMAND

**COMES NOW**, the Plaintiff Heather Lopez, and for her cause of action against the Defendant Whirlpool, Corporation states:

### PARTIES, JURISDICTION, AND VENUE

1. That Plaintiff Heather Lopez is, and at all material times hereto, was a resident of Cedar Rapids, Linn County, Iowa.

2. That Defendant Whirlpool, Corporation is an Iowa corporation, whose registered agent is Corporation Service Company 505 5th Avenue, Suite 729, Des Moines, IA 50309.

3. Venue in Linn County is appropriate because this is the county in the acts giving rise to the litigation occurred.

4. Damages exceed the statutory limits for small claims court.

5. Plaintiff has exhausted all administrative remedies. A right-to-sue letter has been issued by the EEOC and the Iowa Civil Rights Commission, and this action has been brought within the ninety (90) day time limit set forth in said Notices.

## FACTUAL ALLEGATIONS

6.  Plaintiff Heather Lopez started working for Whirlpool on Line 4 on March 4, 2015. Heather was transferred to the bir line under the supervision of Sheri Gralund in July 2015.

7.  Starting in April 2016, Brian began calling Plaintiff Heather Lopez "baby." He invaded Heather's personal space, pat her on the arm, shoulder and back, and he would caress Heather. His actions made Heather feel extremely uncomfortable.

8.  Plaintiff Heather Lopez let Brian know that his actions were unwelcome, but he continued.

9.  In May of 2016, Plaintiff Heather Lopez needed to be placed on a work restriction because of a work injury involving her shoulder. Brian told Heather that he never had to be put on restricted duty, that Heather was weak, and that she was being ridiculous. Heather returned to regular duty one week later.

10. At the beginning of August 2016, Plaintiff Heather Lopez was forced to return to the specific task that had injured her. The pain returned and Heather asked Brian for help in getting a brace, but he did not help.

11. On August 11, 2016, after again being subject to harassment, Plaintiff Heather Lopez demanded a union rep and that she wanted to speak with HR. Heather was told by Brian that she would have to wait and complain to HR on her own time. Heather told him that she had the right to speak with HR.

12. Brian then spoke to his manager and a union rep and Brian was told to get Plaintiff Heather Lopez to HR right away. Heather was then taken to the HR area by Brian. He expressed his anger in the matter at the HR office. Heather was ordered not to speak with

2

anyone and was instead forced to speak with a supervisor (Ms. Gralund) without Union representation instead of HR. Sheri told Heather to calm down, go home, wash her face, and come back Monday with a new attitude. Sheri escorted Heather back to the line herself to ensure Heather would not further the HR situation

13. On August 16, 2016 Plaintiff Heather Lopez was forced by Brian, who was in charge of the line Heather was working on, to wear wool arm guards. Heather was working without a fan in 90-degree heat while I was suffering heat exhaustion. Heather asked for HR or the nurse and was told that not doing as he asked, or going to HR would mean Heather would be fired and that Heather was being insubordinate.

14. Risking termination, Plaintiff Heather Lopez ultimately went to HR anyway and was told they would look into the matter but that Heather was not allowed to discuss this with anyone. Heather was also told she would not be told the results of any investigation because that was also none of her business.

15. The next week Plaintiff Heather Lopez was forced to be under Brian's sole supervision. Brian came to Heather's spot on the line and stared at Heather for over an hour. This was extremely intimidating and Heather did not feel safe.

16 Heather called HR and told them she wanted to be moved to a different position where he was not in charge. They said they were working on it. Heather was not contacted back that day so she went to the 1st shift union representative who said he would see what he could do, but Heather did not hear back from him either.

17. The next day Plaintiff Heather Lopez went to work and Brian stalked her again. Heather took a photo and sent it to HR. Heather was told that these things take time and that Heather needed to go back to work. Heather complied as she was afraid of losing her job.

3

18. Heather did not feel safe returning to work after that day, and she did not return.

19. As a result of intolerable and unsafe working conditions, Plaintiff was constructively discharged.

## COUNT I
## DISCRIMINATION

20. As described above, Plaintiff Heather Lopez was subjected to offensive and threatening conduct.

21. Such conduct was unwelcome and was based on Plaintiff Heather Lopez's gender.

22. Such conduct was sufficiently severe and pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and abusive.

23. At the time. such conduct occurred and as a result of such conduct, Plaintiff Heather Lopez believed her work environment to be hostile and abusive.

24. Defendant Whirlpool, Corporation intentionally discriminated against Plaintiff Heather Lopez because of her gender.

25. Defendant Whirlpool, Corporation failed to act reasonably in response to complaints of harassment which subjected Plaintiff to continued harassment.

26. Defendant Whirlpool, Corporation's unlawful employment practices, as described above, which included the harassment and constructive discharge of Plaintiff because of her gender, were in violation of Title VII and the Iowa Civil Rights Act.

27. As a direct and proximate result of said discrimination, Plaintiff Heather Lopez has suffered and will continue to suffer lost front and back pay, mental anguish and loss of enjoyment and of the ordinary pleasures of life.

28. The conduct of the Defendant Whirlpool, Corporation was willful and wanton and done with malice or in reckless disregard of the rights of Plaintiff, entitling Plaintiff Heather Lopez to punitive damages.

## COUNT II

## RETALIATION

29. As described above, Plaintiff Heather Lopez resisted the advances of Brian and complained to Defendant Whirlpool, Corporation that she was being harassed due to her gender.

30. Plaintiff Heather Lopez reasonably believed that she was being harassed on the basis of gender.

31. Plaintiff Heather Lopez was further harassed and constructively discharged in retaliation for opposing discrimination.

32. The further harassment and constructive discharge might well dissuade a reasonable worker in the same or similar circumstances from opposing discrimination.

33. Plaintiff would not have been further harassed and would not have been harassed but for her opposition to discrimination.

34. As a direct and proximate result of said retaliation, Plaintiff Heather Lopez has suffered and will continue to suffer lost front and back pay, mental anguish and loss of enjoyment and of the ordinary pleasures of life.

35. The conduct of the Defendant Whirlpool, Corporation was willful and wanton and done with malice or in reckless disregard of the rights of Plaintiff, entitling Plaintiff Heather Lopez to punitive damages.

## RELIEF

**WHEREFORE**, Plaintiff Heather Lopez prays that this Court order judgment against Defendant Whirlpool, Corporation and award Plaintiff as follows: an award of compensatory damages including front pay, back pay, emotional distress; punitive damages; prejudgment interest; reasonable attorneys' fees, costs and expenses incurred in pursuing this action, including expert witness fees; and any other relief this Court deems just, equitable or in the public interest.

## JURY DEMAND

**COMES NOW** Plaintiff Heather Lopez, by and through her attorneys, and requests a trial by jury.

Respectfully Submitted,

**TRIAL LAWYERS FOR JUSTICE, P.C.**
412 W. Water St., Third Floor
Decorah, IA 52101
ncr@czrlaw.com
dominic@pechotalaw.com
matt@tl4j.com

s/ Nicholas C. Rowley
Nicholas C. Rowley  AT0009516

s/ Dominic F. Pechota
Dominic F. Pechota  AT0006175

s/ Matt J. Reilly
Matt J. Reilly  AT0006541