# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| HEATHER LOPEZ, | |
| Plaintiff, | No. 18-cv-22-LRR |
| vs. | **ORDER** |
| WHIRLPOOL CORPORATION, | |
| Defendant. | |

_____

This matter is before the Court on Defendants' Motion for Sanctions Against Plaintiff's Counsel, to Compel Plaintiff's Deposition, and to Extend Deadlines. (Doc. 24.) Plaintiff timely filed a resistance. (Doc. 25.) For the following reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL BACKGROUND

This is an action alleging unlawful employment practices in violation of Title VII and the Iowa Civil Rights Act. Discovery closed on February 8, 2019. The dispositive motion deadline was February 11, 2019. Trial will begin on July 15, 2019.[1]

Defendant's motion details the difficulties it has faced in attempting to depose Plaintiff. These difficulties included lack of communication by Plaintiff's counsel, last-minute changes to the schedule, and overall lack of urgency in pursuing discovery in accordance with the Court's trial setting order. Ultimately, Defendant's counsel traveled to Iowa twice unsuccessfully for the purpose of deposing Plaintiff. Plaintiff's counsel seeks refuge in inclement weather, health concerns, and other professional commitments in January and February of 2019. I am not unsympathetic to any of these reasons for postponing a deposition. However, Plaintiff's response ignores the fact that the fall of

---

[1] Defendant's motion notes the trial ready date. The Parties should remember they have a firm trial date.

2018 was wasted largely due to his unresponsiveness and failure to cooperate in scheduling. In October and November of 2018, Plaintiff's counsel was first unresponsive and then unwilling to commit to depositions because of other matters, despite the impending close of discovery.

Defendant's counsel traveled to Iowa on January 21, 2019 for Plaintiff's deposition. On January 22, 2019, Plaintiff's counsel cancelled the deposition just as it was scheduled to commence. Defendant's counsel attempted to schedule Plaintiff's deposition for January 24. Plaintiff's counsel initially agreed to that date, but then cancelled the next day. Defendant's counsel traveled to Iowa again on January 28 to depose Plaintiff on January 30. Plaintiff's counsel unilaterally cancelled the deposition on January 29. Plaintiff's counsel attributed this cancellation to Plaintiff's difficulty in arranging childcare for sick children and the cold weather. On January 29, Plaintiff's counsel was then unable or unwilling to confirm a single day prior to the close of discovery when he would make his client available for deposition that Defendant could rely upon.[2]

The excuses offered by Plaintiff's counsel might justify a last-minute cancellation. This record, however, shows two expensive, aborted attempts to depose Plaintiff caused by her counsel's last-minute, unilateral decisions and a troubling unwillingness or inability to schedule a single deposition during the discovery period. Plaintiff also engages in some unavailing "whataboutery," complaining about Defendant's discovery responses earlier in the case. However, Plaintiff has not filed any motion regarding Defendant's discovery replies and that issue is not before the Court.

Defendant moves the Court for the following relief:

- Monetary sanctions against Plaintiff's counsel in the amount of $10,013.71;
- An order compelling Plaintiff's deposition within two weeks of this order;

---

[2] On February 4, Plaintiff's counsel notified Defendant's counsel of additional availability. Defendant's counsel's skepticism about the certainty of these dates reasonably precipitated the instant motion.

- An order extending the current discovery deadline for the purpose of taking Plaintiff's deposition;
- An order prohibiting Plaintiff from deposing Defendant's witnesses;
- An order extending the dispositive motion deadline to three weeks after Plaintiff's deposition; and
- An order continuing the final pretrial conference and the "trial ready" deadlines.

## II.     DISCUSSION

While Defendant focuses on 28 U.S.C. § 1927, Federal Rule of Civil Procedure 37(d) explicitly deals with the failure of a party to appear at a properly noticed deposition. "The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include, among other things, "striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action or proceeding in whole or in part, [or] rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(d)(3) (incorporating portions of Fed. R. Civ. P. 37(b)(2)(A) (internal numbering omitted)). Moreover, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*.

Defendant's motion does not attach the notices of any of the depositions; however, the email correspondence reflects such notices were sent. (*See* Doc. 24-1 at 2.) Moreover, nowhere does Plaintiff complain about the lack of notice regarding the depositions dates that were set. Although Plaintiff asserts Defendant failed to meet and confer as required by Local Rule 37, I conclude the affidavit of Lavanga V. Wijekoon and the recitation of the efforts to resolve this matter contained in Defendant's motion is sufficient.

Federal courts have "wide discretion" to fashion an appropriate sanction for discovery violations. This discretion narrows as the severity of the sanction

increases. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing *Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir. 2003)). I cannot conclude that Plaintiff's counsel acted in bad faith or deliberately tried to foil Defendant's efforts to depose his client. Rather, it appears Plaintiff's counsel failed to diligently meet his obligations to make his client available for depositions. Moreover, because of weather conditions and health issues that prevailed at the time of the January 30 deposition, not all the fault for the failure to appear at both depositions falls on Plaintiff's counsel, so an award of sanctions in the entire amount sought is not appropriate. In addition, the Eighth Circuit has found that an award of fees for time spent pursuing sanctions under Fed. R. Civ. P. 37(d) is not appropriate. *See Ranger Transp., Inc. v. Wal–Mart Stores*, 903 F.2d 1185, 1188 (8th Cir.1990). Therefore, this Court concludes that Defendant is not entitled to time spent preparing the motion for expenses. For these reasons, I conclude that an award of the entire amount of fees and expenses sought by Defendant would be unjust under Rule 37(d).

Nevertheless, I conclude a sanction of $2,000 is reasonable and warranted as a sanction against Plaintiff's counsel. Defendant seeks $3,882.82 for the fees and expenses associated with the first cancelled deposition. (Doc. 24 at 10, items 1-5.) I have discounted this amount because the weather may have contributed to the inability to conduct depositions. Plaintiff, however, offers insufficient explanations as to why the deposition could not have occurred at some point during the three days Defendant's attorney was in Cedar Rapids for the first deposition. Such amount is ordered payable to Defendant Whirlpool Corporation to defray its expenses resulting from the conduct of Plaintiff's counsel.

As mentioned above, one of Defendant's bases for its motion is 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

conduct." Sanctions are appropriate under Section 1927 "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee v. First Lenders Ins. Servs., Inc.,* 236 F.3d 443, 445 (8th Cir. 2001) (citation omitted). For example, in *Lee*, the court sanctioned a plaintiff's attorney who filed a class action without doing proper pre-filing investigations, and then unilaterally dismissed the case after the parties engaged in a year and a half of expensive discovery practice, which "multiplie[d] the proceedings . . . vexatiously and unreasonably" within the meaning of § 1927. *Id. see also Gundacker v. Unisys Corp.*, 151 F.3d 842, 849 (8th Cir. 1998) (Section 1927 sanctions appropriate when attorney "disobeyed court orders, violated his duty as an officer of the court by making false representations, spoke to at least one member of the press concerning . . . an ongoing, sealed *qui tam* action, and made various threats directed at the court"). I find that Plaintiff's counsel's failure to timely produce Plaintiff for a deposition, while frustrating and not substantially justified under Rule 37(d), did not manifest an intentional or reckless disregard for his duties to the Court. Therefore, sanctions under Section 1927 are not appropriate.

In conclusion, Defendant was diligent in its efforts to depose Plaintiff prior to the close of discovery. Defendant would be prejudiced if it were not permitted to depose Plaintiff and file a motion for summary judgment, should it prove warranted. Therefore, the deadlines are extended as follows:

1) Discovery shall be reopened until March 11, 2019 solely for the purpose of deposing Plaintiff.[3] Plaintiff's counsel will make Plaintiff available for deposition in Cedar Rapids, Iowa, unless the Parties mutually agree otherwise. The Parties are ordered to cooperate to select a mutually agreeable date. If

---

[3] Plaintiff has not moved the Court for any relief. Although Plaintiff's prayer (Doc. 25 at 11) says "it is reasonable to allow the deadline to be extended to allow Plaintiff to take the deposition of the two defense witnesses," no such motion was made. LR 7(e) states that a resistance to a motion may not include a separate motion or a cross motion. Such relief must be pursued separately be a new motion.

5

they cannot agree on a date, Defendant shall propose three dates and Plaintiff may select the most convenient of those three dates.

2) Dispositive motions may be filed by March 25, 2019.

Defendant's request to move the pretrial conference and the trial ready deadline is denied. The Parties are reminded that the trial date of July 15, 2019 is firm.

### III.  CONCLUSION

Defendant Whirlpool Corporation's Motion for Sanctions Against Plaintiff's Counsel, to Compel Plaintiff's Deposition, and Extend Deadlines (Doc. No. 24) is **granted in part** and **denied in part**. Plaintiff's counsel is hereby **sanctioned**, as set forth above. The scheduling order is hereby **amended** to establish the new deadlines set forth above.

**IT IS SO ORDERED** this 26th day of February, 2019.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa